UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES W. YOO,

                                     Plaintiff,              DECISION AND ORDER

-vs-                                                          18-CV-6398 CJS

ROCHESTER GENERAL HOSPITAL, MONROE
COUNTY SHERIFF'S OFFICE and STEPHANIE
SCROGER YOO,

                                     Defendants.
_____

## INTRODUCTION

This is an action purportedly brought pursuant to 42 U.S.C. § 1983.  Plaintiff

commenced the action proceeding *pro se*, and paid the filing fee.  The action is frivolous,

and is therefore dismissed *sua sponte*.

## BACKGROUND

On  May 30, 2018, Plaintiff commenced this action.  The Complaint purports to

assert claims under 42 U.S.C. § § 1983 & 1985,  as well as claims under various federal

criminal statutes and claims for medical malpractice under New York State law.  The

original Complaint purports to sue Rochester General Hospital ("RGH"), the Monroe County

Sheriff's Office, Plaintiff's wife, Plaintiff's sister, and "[John] Does 1-1000."  On June 26,

2016, Plaintiff filed an Amended Complaint [#2], which purports to add a long list of new

defendants, including the New York State Police, the Rochester Psychiatric Center, the

Monroe County Bar Association, Verizon, Google and the New York Times.  Along with the

Amended Complaint, Plaintiff filed a motion for service of the Summons and Complaint by

the United States Marshal.  On July 13, 2018, Plaintiff filed a Motion to Seal [#5].  On July

16, 2018, Plaintiff filed a letter request [#6] to withdraw the motion for service by the

Marshal.

The Court has carefully reviewed each page of Plaintiff's submissions.  Plaintiff's Complaint consists of delusional-sounding allegations intermixed with other statements that seem more factual.   The allegations concern matters from Plaintiff's childhood to the present.  The allegations frequently involve Plaintiff's interactions with his sister and wife. The pleading includes references to Plaintiff being hospitalized at RGH against his will, and to various contacts with law enforcement.   The Complaint also alludes to Plaintiff's impending divorce from his wife.  Ultimately, the Complaint indicates that Plaintiff believes he is the victim of conspiracy against him by his sister, his ex-wife, and others including RGH.  Plaintiff believes, for example, that his sister, ex-wife and RGH conspired to prevent him from obtaining an attorney. (Complaint [#1] at ¶ 233).   Interspersed with these allegations are references to news stories appearing in the media over the past decades, that Plaintiff apparently believes are connected to the conspiracy that he describes.  For example, Plaintiff apparently believes there is a connection between the alleged conspiracy, the terrorism on September 11, 2001, and the current investigation into the 2016 presidential election by Special Counsel Robert Mueller.

The following random excerpt from the Complaint [#1] will illustrate the overall tenor of the allegations:

> From late September 2017, Plaintiff noticed Mr. Glenn Thrush (hereinafter "THRUSH") from the New York Times on MSNBC on-air appearances with a sense of familiarity.  Upon closer examination of THRUSH on MSNBC, Plaintiff believes that THRUSH is one of the two men who claimed to be FBI agents appearing at Plaintiff's PRIMARY_RESIDENCE on March 8th 2017. (1) While THRUSH's appearance as a balding man with facial hair is evident, Plaintiff recognizes THRUSH's facial appearance and believes THRUSH appeared at Plaintiff's PRIMARY_RESIDENCE on March 8th 2017 wearing a wig without facial hair;

Complaint at ¶ 205.  In another passage of the Complaint, Plaintiff quotes from a letter that

he sent to Special Counsel Mueller, in which he states:

> Dear Special Counsel Mueller, My name is James Yoo.  I suspect what I am
> about to describe, which seriously impacted me and continues to impact me
> today, may relate to the matters you may be investigating.
>
> I copied Special Counsel Rhee on this correspondence.  My deceased
> father, Ki Hong Yoo, was familiar with Jhoon Rhee who is widely regarded
> as the Father of American Taekwondo.  The last time I saw and spoke to
> Grandmaster Rhee was a Laila Ansari's first wedding at the Willard Hotel in
> Washington D.C. in the mid-1990's.  I wonder if Special Counsel Rhee is
> somehow related to Grandmaster Jhoon Rhee.
>
> I contacted your (and Special Counsel Rhee's) email without success; . . .
> I am not asking anyone to treat me in a more favorable manner considering
> some of my connections.  I only ask those charged with a solemn oath of
> duty to uphold the U.S. Constitution, uphold U.S. Federal Code, uphold State
> Code, uphold Due Process and uphold Rule of Law.

Complaint [#1] at p. 91.  The same allegations are repeated in the Amended Complaint.

## DISCUSSION

District Courts do not generally conduct *sua sponte* reviews of actions in which the

plaintiff has paid the filing fee.  Nevertheless,

> [a] district court has inherent authority to dismiss a frivolous complaint *sua
> sponte* even when the plaintiff has paid the required filing fee.
> ***
> An action is considered "frivolous" when: (1) the factual contentions are
> clearly baseless, such as when allegations are the product of delusion or
> fantasy; or (2) the claim is based on an indisputably meritless legal theory.

*Hariprasad v. New York*, 722 F. App'x 102, (Mem)–103 (2d Cir. May 17, 2018) (citations

and internal quotation marks omitted).  "*Pro se* submissions are reviewed with special

solicitude, and must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Id.* (citation and internal quotation marks omitted).

Before today this Court has rarely if ever had the occasion to *sua sponte* dismiss the action of a *pro se* litigant who has paid the filing fee.  However, this action is so plainly frivolous, and it's allegations are so clearly "the product of delusion or fantasy," that it cannot be permitted to proceed.  For the same reasons, it would be pointless to allow any further amendment of the pleading.

CONCLUSION

This action is indisputably frivolous and is therefore dismissed with prejudice.  The Clerk of the Court is directed to terminate this action.  The pending applications are denied as moot.

SO ORDERED.

Dated:      Rochester, New York
            July 24, 2018              ENTER:


                                      /s/ Charles J. Siragusa
                                      CHARLES J. SIRAGUSA
                                      United States District Judge